IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 2:05-00121 DAE-RJJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBERT DAVID KAHRE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER DENYING WITHOUT PREJUDICE DEFENDANT ROBERT KAHRE'S MOTION FOR RELEASE OF DOCUMENTS SUBMITTED IN CAMERA

Pursuant to Local Rule 78-2, the Court finds this matter suitable for disposition without a hearing.

On August 14, 2009, following a 48-day trial, a jury convicted Defendant Robert David Kahre of multiple tax-related felonies. (Docs. ## 2520, 2558.) The Court sentenced him to a term of 190 months imprisonment on November 17, 2009. A Judgment to that effect was entered on December 3, 2009. (Doc. # 2615.)

On November 19, 2009, Defendant simultaneously filed a Notice of Appeal of his conviction and sentence (Doc. # 2602) and the instant Motion for Release of Documents Submitted In Camera (Doc. # 2601). In his Motion,

Defendant requests that this Court release documents that the Government submitted for in camera review back in November 2008 in connection with its Opposition to Defendant's Motion to Disqualify Assistant U.S. Attorney J. Gregory Damm ("Motion to Disqualify").  (Doc. # 2601.)  Defendant contends that these documents are "necessary for Robert Kahre to perfect the appeal of his convictions."  (Id. at 1.)  On November 30, 2009, the Government filed a Response in Opposition to Defendant's Motion, asserting that this Court lacks jurisdiction to entertain Defendant's Motion.  (Doc. # 2612.)

It is well-established that "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  United States v. Sadler, 480 F.3d 932, 941 (9th Cir. 2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)); Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010).  The purpose of this rule is to "promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously."  Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, a district court "sometimes retains jurisdiction in matters 'collateral' to those resolved in the

2

judgment on appeal, such as motions for attorneys fees." United States v. Kersting, 891 F.2d 1407, 1413 (9th Cir. 1989).

Here, the parties do not dispute that the documents sought by Defendant directly relate to this Court's denial of the Motion to Disqualify, which constitutes a central aspect of Defendant's appeal. It follows that the instant request for documents cannot be considered a matter "collateral" to the issues on appeal. Indeed, Defendant asserts that the requested documents are "necessary" to appeal his conviction.[1] Since Defendant's request for the production of documents directly relates to matters involved in the pending appeal, this Court lacks jurisdiction to rule on Defendant's Motion. See Trulis v. Barton, 107 F.3d 685, 695 (9th Cir. 1995) (noting that in United States v. Kersting, 891 F.2d 1407, 1413 (9th Cir. 1989), the court found that a "motion for discovery brought after notice of appeal directly related to good faith, an issue on appeal, and therefore was beyond the district court's jurisdiction"). Defendant's request for the release of documents submitted in connection with the Motion to Disqualify can be made to

---

[1] The Court finds that had the Defendant believed that these documents were paramount to his appeal, he could have requested the release of these documents from the Ninth Circuit shortly after filing his Notice of Appeal, prior to any briefs having been due.

the Court of Appeals, which this Court assumes will provide the Government with an opportunity to oppose the request.

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Defendant's Motion for Release of Documents Submitted In Camera.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 6, 2012.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

United States v. Kahre, CR No. 2:05-0121 DAE-RJJ; ORDER DENYING WITHOUT PREJUDICE DEFENDANT ROBERT KAHRE'S MOTION FOR RELEASE OF DOCUMENTS SUBMITTED IN CAMERA