IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 2:05-CR-121-DAE-RJJ-11 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LORI A. KAHRE, aka Donna Hall, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER SETTING SELF-SURRENDER DATE TO REPORT TO FEDERAL
BUREAU OF PRISONS

On October 28, 2009, a jury found Defendant Lori A. Kahre ("Defendant") guilty on counts 1, 51, 56–57, 61, and 63–68 of the Third Superseding Indictment. (Dkt. # 2623; see also Dkt. # 2558.)

On November 17, 2009, this Court ordered the following sentence of imprisonment:

> 60 MONTHS as to Count 1; 36 months as to Count 51 and 56; 71 MONTHS as to Count 57; and 60 MONTHS, as to Counts 61 and 63–68, with all such terms to run concurrently, plus 1 month to run consecutively to all counts pursuant to 18 U.S.C. § 3147, for a total aggregate term of imprisonment of 72 months.

1

(Dkt. # 2623 at 3.) Defendant indicated that she wished to serve her sentence in Dublin, California; as such, this Court made a judicial recommendation for Dublin, California. (Id.)

> The Court also ordered the following sentence of supervised release:
>
> 3 YEARS, as to Counts 1, 61, and 63–68; 1 YEAR as to Counts 51 and 56; 4 YEARS as to Count 57, with all such terms to run concurrently.

(Id. at 4.) The Court ordered Defendant to abide by the following conditions of supervised release:

1. Defendant shall abide by the standard conditions of supervision.
2. Defendant shall not commit any federal, state, or local crimes.
3. Defendant shall not possess illegal controlled substances.
4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.
5. Defendant shall refrain from any unlawful use of a controlled substance.[1]
6. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
7. Defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall

---

[1] The Court waived the drug testing requirement. (Dkt. # 2623 at 4.)

warn any other resident that the premises may be subject to search pursuant to this condition.

8. Defendant is prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

9. Defendant shall execute all financial disclosure forms and provide the Probation Office access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which she has a control or interest.

10. Defendant shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. She shall file timely, accurate, and lawful income tax returns and show proof of same to the Probation Office.

11. Defendant shall report, in person, to the Probation Office in the district in which she is released within 72 hours of discharge from custody.

12. That restitution of $31,900.00 is due immediately to Internal Revenue Service, Attn: MPU, Stop 151(Restitution), PO Box 47-421, Doraville, GA 30362, and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

(Id.)

The Court did not impose a fine, but did order Defendant to pay a special assessment of $1,100.00 ($100.00 as to each count). (Id. at 6.) The Court also ordered Defendant to pay $31,900.00 (plus accruing interest) in restitution to the Internal Revenue Service. (Id.)

3

The Court advised Defendant of her right to appeal. Defendant then made a Motion for Bond pending her appeal pursuant to 18 U.S.C. § 3143(b), which the Court granted. (Id.) Since Defendant's sentencing on November 17, 2009, Defendant has been free on bond.

On December 5, 2013, the Ninth Circuit Court of Appeals affirmed the judgment of this Court and thus affirmed Defendant's convictions and sentence. (Dkt. # 2849; United States v. Kahre, 737 F.3d 554, 583 (9th Cir. 2013)) On February 6, 2014, the Ninth Circuit denied Defendant's Petition for Rehearing En Banc. (Dkt. # 2852.)

Accordingly, the Court **ORDERS** Defendant to self-surrender for service of sentence on **May 19, 2014** before **12:00 noon** to the institution designated by the Federal Bureau of Prisons. The Court also reaffirms its prior judicial recommendation for Dublin, California.

IT IS SO ORDERED.

DATED: Las Vegas, Nevada, February 19, 2014.

_____
David Alan Ezra
Senior United States Distict Judge